IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| Moises Ramos-Quinones | : | |
| Jessica Rivera-Lugo | : | |
| | : | |
| Debtors | : | |
| | : | CASE NO. 1:23-bk-02905-HWV |
| Moises Ramos-Quinones | : | |
| Jessica Rivera-Lugo | : | |
| | : | |
| Movants | : | |
| | : | |
| v. | : | |
| | : | |
| PennyMac Loan Services, LLC | : | |
| Jack N. Zaharopoulos, Trustee | : | |
| Respondents | : | |

**AMENDED ORDER APPROVING SALE OF REAL PROPERTY
FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES
AND APPROVING DISTRIBUTION OF PROCEEDS
PURSUANT TO 11 U.S.C. 363(f)**

The Motion of the Debtors Moises Ramos-Quinones and Jessica Rivera-Lugo, to Approve the Sale of Real Property Free and Clear of Liens, Claims and Encumbrances and Approving Distribution of Proceeds ("Motion") having come this day before the Court, and following notice to creditors in the above case and an opportunity for a hearing thereon, and the Court believing that the sale of the Real Property (as defined below) is in the best interest of the Debtors and their estate, and that such sale is made in good faith, and that the consideration offered is fair and reasonable, it is

    HEREBY ORDERED that:

    1. Moises Ramos-Quinones and Jessica Rivera-Lugo, Debtors herein, are authorized to sell the Real Property located at and known as 313 4th St., Hanover, York County, Pennsylvania (the "Real Property"), under the terms of and pursuant to that certain Agreement between the Debtors, as Sellers, and Katherine Walker and Jose Arturo Rivera-Jimenez as Buyers, (the "Agreement") and as set forth in the Motion. Such sale shall be Katherine Walker and Jose Arturo Rivera-Jimenez for the total consideration of $259,000.00.

    2. The sale of the Real Property shall be free and clear of all liens, claims and encumbrances, except for easements and rights of way of record as may exist upon or under

such Real Property. All liens will attach to the proceeds in the order of their priority subject to the distribution set forth in this Order.

3. The sale shall be free and clear of all real estate taxes and such other allowed claims, subject to the distribution set forth in this Order and payments of such real estate taxes.

4. The distribution of the funds generated by the sale of the Real Property shall be as follows:

   a. Any notarization or incidental recording fees required to be paid by the Debtors, as Sellers.
   b. Payment of the costs and expenses involved with the sale of the Real Property as set forth in the Agreement for Sale.
   c. Any costs associated with the preparation of the deed, processing fees, and normal services with respect to closing to be paid by Debtors, as Sellers.
   d. Closing costs and expenses to be paid in accordance with the terms of the Agreement for Sale and any addendums to the said Agreement for Sale.
   e. Settlement fees, tax certifications, and overnight/express mail charges, if any, required to be paid by Debtors, as Sellers.
   f. Fees in the amount of $3,000.00 payable to the Law Offices of John Hyams, payable on account of services in connection with this sale. Such fees shall be held in escrow by Debtors' counsel pending approval of a related fee application.
   g. Realty transfer tax, if any, required to be paid by Debtors, as Sellers.
   h. Real estate commission of five and one-half percent (5.5%) of the total sales consideration for services rendered to Berkshire Hathaway Home Services Homesale Realty in connection with this sale.
   i. Any present or past due real estate taxes owed on the Real Property, prorated to the date of sale.
   j. Providing for payment to PennyMac Loan Services, LLC in an amount sufficient to pay the secured claim in full.
   k. Providing for payment to Debtors not to exceed Debtors' exemption provided by 11 U.S.C. 522(d).
   l. Providing for payment to the Standing Chapter 13 Trustee, Jack Zaharopoulos in the amount necessary to fund the plan sufficiently to provide a 100% dividend to all creditors.
   m. Payment to Debtors of all remaining proceeds.

5. The Debtors are empowered and ordered to execute any and all documents necessary to effectuate the sale of the Real Property.

6. Fed.R.Bankr.P. Rule 6004(h) is not applicable, and the Real Property may be sold and purchased promptly.

7. Upon payment of the appropriate fee, the Clerk's Office shall provide the Debtors with certified copies of this Order, as are necessary to be recorded in the Recorder of Deeds Offices of York County, Pennsylvania.